IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00048-GPG

LAWRENCE P. HANDY,

    Applicant,

v.

JOHN CHAPDELAINE, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Lawrence P. Handy, is a prisoner in the custody of the Colorado Department of Corrections currently incarcerated at the Sterling Correctional Facility. Mr. Handy has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his conviction in the Denver County District Court case number 86CR2134. Mr. Handy has been granted leave to proceed *in forma pauperis.*

    The Court must construe the habeas corpus application liberally because Mr. Handy is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

    Mr. Handy alleges that he is challenging the validity of his conviction in Denver County District Court case number 86CR2134. Mr. Handy asserts the following two

claims: a lack of subject matter jurisdiction (claim one); and a "loophole of interpretation/usurpation" of Colo. Rev. Stat. § 16-5-101 (claim two). Mr. Handy does not make any specific request for relief.

With respect to both claims, Mr. Handy fails to allege specific facts that demonstrate his federal constitutional rights have been violated. However, the Court will not require Mr. Handy to file an amended pleading that clarifies his claims because the Court lacks jurisdiction to consider whatever federal constitutional claims Mr. Handy may be asserting.

Although Mr. Handy fails to mention the fact that he has filed a prior habeas corpus action challenging the validity of his conviction in Denver County District Court case number 86CR2134, the Court may take judicial notice of its own records and files that are part of the Court's public records. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). The Court finds that Mr. Handy previously filed a habeas corpus action challenging the validity of his conviction in Denver County District Court case number 86CR2134. *See Handy v. Henderson, et al.*, No. 95-cv-00489-ZLW (D. Colo. Nov. 30, 1995), *aff'd*, No. 95-1542 (10th Cir. Aug. 21, 1996). In No. 95-cv-00489-ZLW, the Court dismissed two of Mr. Handy's claims as procedurally barred and one claim was dismissed on the merits. The Tenth Circuit affirmed the Court's decision. Moreover, Mr. Handy has filed several other § 2254 actions in this Court challenging his state conviction in Denver County District Court case number 86CR2134, including *Handy v. Abott, et al.,* No. 07-cv-1085-LTB (D. Colo. May 23, 2007) (dismissed without prejudice and Rule 60(b) motion refiled in Case No.

94-cv-1028-ZLW); *Handy v. Abott, et al.*, No. 04-cv-00816-ZLW (D. Colo. Apr. 29, 2004) (transferred to the court of appeals pursuant to 28 U.S.C. § 1631), *appeal dismissed*, No. 04-1204 (10th Cir. July 1, 2004) (denied on the merits); *Handy v. Burnett, et al.*, No. 01-cv-01563-ZLW (D. Colo. Oct. 19, 2001) (transferred to the court of appeals pursuant to § 1631), *appeal dismissed, et al.*, No. 01-1498 (10th Cir. Nov. 30, 2001) (dismissed pursuant to Mr. Handy's request); *Handy v. Abbott, et al.,* No. 94-cv-1028-WYD (D. Colo. May 2, 1994) (transferred to the court of appeals pursuant to 28 U.S.C. § 1631 after construing Rule 60(b) motion as successive § 2254 application).  Because Mr. Handy has challenged previously the validity of his conviction in Denver County District Court case number 86CR2134, the instant application is a second or successive application.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Handy must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this Court to consider his second or successive claims.  *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam).  In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application.  *See id*. at 1251.  An applicant seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence"

3

and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Handy does not allege, and there is no indication in the application, that he has obtained authorization from the Tenth Circuit to file a second or successive § 2254 application. Therefore, the Court must either dismiss the second or successive claims for lack of jurisdiction or, if it is in the interest of justice, transfer the application to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. When "there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter." *Id.* at 1252.

Mr. Handy fails to demonstrate that his second or successive claims are based on either a new rule of constitutional law or newly discovered evidence as required pursuant to § 2244(b)(2). Therefore, the Court finds that a transfer is not in the interest of justice for that reason alone. *See id.*

Consideration of the other relevant factors also supports this conclusion. Although, it appears that Mr. Handy's second or successive claims would be time-

barred if filed anew in the proper forum, it also appears that the claims would be time-barred even if Mr. Handy had sought proper authorization prior to filing in this Court. There also is no indication that the second or successive claims have any merit. Finally, it was clear when the instant action was filed that this Court lacks jurisdiction over Mr. Handy's second or successive claims.  As a result, the Court finds that a transfer of this action to the Tenth Circuit is not in the interest of justice.  Instead, the second or successive claims will be dismissed for lack of jurisdiction.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed for the reasons stated in this order.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   14th   day of    January        , 2016.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court